UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA,           )
      Respondent,                )
                                    )
v.                                  )           No. 2:03 -CR-73(4)
                                    )
                                    )
LEKO JONES,                         )
      Petitioner.                )

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the motion of defendant for a reduction of sentence, [Doc. 723].   Defendant requests a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 782 and 788 to the United States Sentencing Guidelines.   The United States has responded and acknowledges the defendant is eligible for a reduction in sentence, suggests that little or no reduction is warranted, but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 724].

The defendant was convicted of participating in a conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B), and distribution of a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  He was held accountable for 226.8 grams of cocaine base, resulting in a base offense level of 34.  The defendant's criminal history category was VI.  At the time of his sentencing, the defendant's advisory guideline range was 262 months to 327 months.  The defendant faced a mandatory minimum term of 120 months imprisonment.  The defendant was sentenced to a term of 327 months' imprisonment.

The defendant's motion to reduce his sentence pursuant to Amendment 750 was granted on February 8, 2012.  The defendant's base offense level was reduced from 34 to 30, resulting in

1

an amended guideline range of 168 months to 210 months. This Court reduced the defendant's sentence to 210 months, a term at the very top of the guideline range.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If he is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances.

2

*Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013).  In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted.  USSG § 1B1.10, cmt. (n. 1(B)(ii)-(iii)).  Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment."  *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, cmt. n. 1(B)(ii)).

Pursuant to Amendment 782, a quantity of 226.8 grams of cocaine base yields a base offense level of 28.  When combined with the defendant's criminal history category of VI, the defendant's amended guideline range is 140 months to 175 months of imprisonment.  The defendant is still subject to a mandatory minimum term of 120 months imprisonment.  The defendant requests a reduction in sentence to 175 months or less.  The Court concludes that no reduction is appropriate in this case and the motion for reduction of sentence will be DENIED.

When determining whether a reduction in sentence is appropriate, the Court may consider a number of factors, including the seriousness of the offense, the defendant's criminal history, and his post-sentencing conduct.  First, the Court may look at the seriousness of the defendant's conduct in the criminal matter.  Crack cocaine is a dangerous drug.  The defendant was ultimately held accountable for 226.8 grams of crack cocaine, a large amount, which he sold and profited from in the Eastern District of Tennessee.  Further, it was shown at trial that the defendant traveled interstate to obtain large supplies of crack cocaine to bring back to the district for sale.

The defendant's criminal history is also an important consideration.  When sentenced in this matter, the defendant was only 21 years old and had already accumulated a criminal history category of VI with fourteen criminal history points.  The defendant has an extensive criminal

history with convictions beginning at a very young age and continuing consistently until the sentencing in this matter. The defendant's past offenses include many serious crimes of violence against others, drug possession and distribution, and sex offenses. Also important to note is that the defendant had multiple arrests for assaultive behavior that were dismissed. Further, the defendant was previously convicted of Indecent Liberties with a Child and had a pending charge for Failure to Register as a Sex Offender at the time of his original sentencing in this matter.

Another important factor in the Court's determination is the defendant's post-sentencing conduct. The defendant has been sanctioned fifteen times while in the custody of the Bureau of Prisons. The most recent sanctions occurred in December 2014 for fighting and indecent exposure. The defendant's sanctions in the custody of Bureau of Prisons for indecent exposure in 2014 and a prior sanction for a sexual act are all the more troubling in light of his criminal history of sexually related offenses. The defendant's substantial history of disciplinary infractions while in the custody of the Bureau of Prisons indicates a high risk of recidivism and disregard for prison regulations.

As shown above, the defendant's extensive criminal history and his post-sentencing behavior show a profound disrespect for the law and Bureau of Prison regulations. Consideration of the 18 U.S.C. § 3553(a) factors leads inevitably to the conclusion that no reduction beyond that granted by the Court's February 8, 2012 order is appropriate in the case. The motion, [Doc. 723], is DENIED.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

4