UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | No. 2:03-CR-00073-JRG-CRW-4 |
| LEKO JONES | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 792] and the Government's motion for leave to file a document under seal [Doc. 797]. The Court has reviewed the Government's motion and proposed sealed document [Doc. 798] and for good cause shown, the Government's motion [Doc. 797] will be granted. For the reasons that follow, Defendant's motion [Doc. 792] will be denied.

### I. BACKGROUND

On October 26, 2004, a jury found Defendant guilty of conspiracy to distribute and possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1) and six counts of distribution of a quantity of cocaine base in violation of 21 U.S.C. §§ 846(a)(1) and (b)(1)(C) [*See* Doc. 328]. Defendant was ultimately sentenced to a total term of incarceration of 210 months and 5 years of supervised release [*See* Docs. 431, 650].

In February of 2015, Defendant filed a motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and USSG § 1B1.10 as amended by Amendments 782 and 788 to the United States Sentencing Guidelines [Doc. 723]. After considering the sentencing factors under 18 U.S.C. § 3553(a), the Court denied the motion due to the seriousness of Defendant's offense, criminal history, and post-sentencing behavior [Doc. 749, at 3–4].

In March 2019, Defendant was released from the Bureau of Prisons ("BOP") custody [*See* Doc. 782, at 1]. During the first six months of supervision, Defendant violated the terms of his release by failing to report for a drug screen, testing positive for a controlled substance, absconding, and incurring new felony charges in Burlington, North Carolina [Doc. 782, at 1–3]. Defendant admitted to these violations and was sentenced to 60 months of incarceration pursuant to an agreed order [Doc. 789].

The Defendant is presently housed at Federal Correctional Institution ("FCI") Beckley, and his projected release date is July 10, 2024. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited Feb. 18, 2022). He moves for compassionate release based on COVID-19 and his health conditions, which he asserts place him at heightened risk of complications if he contracts the virus [Doc. 792].

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

2

However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. ANALYSIS

#### A. Exhaustion

Defendant filed a request to be considered for compassionate release with the BOP on December 18, 2020, and his request was denied on January 13, 2021 [Doc. 796-1]. Thus, the Court finds that it has authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

#### B. Merits

As mentioned above, Defendant seeks compassionate release based upon his medical conditions amid the COVID-19 pandemic [Doc. 792]. He contends that the pandemic, combined with his vitamin D deficiency, chronic respiratory infection, and low white blood cell count constitute extraordinary and compelling reasons for his release [*Id*.].

3

Case 2:03-cr-00073-JRG-CRW   Document 808   Filed 02/24/22   Page 3 of 6   PageID #: 2914

Defendant points to the spread of COVID-19 at his prison[1] as a factor supporting his release [Doc. 792, at 2]. At Defendant's prison, BOP currently reports only two confirmed cases of COVID-19 among the inmate population and zero confirmed cases among staff. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 18, 2022). These numbers are not extraordinary, especially in light of the prevalence of COVID-19 outside the prison setting. Because COVID-19 poses a danger to everyone, the mere fact of positive COVID-19 cases at Defendant's facility does not warrant compassionate release. *See, e.g.*, *United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Defendant also contends that he suffers from health problems that place him at increased risk of serious complications from COVID-19. However, the record before the Court does not support that contention. Defendant is 41 years old [Presentence Report, at 2]. Medical records show that he suffers from vitamin D deficiency and neutropenia, which is a disorder of white blood cells [*See* Doc. 798, at 1; Doc. 804-1]. Medical records also show that he previously had a respiratory infection, but not that currently suffers from that condition [Doc. 798, at 2]. The BOP categorizes Defendant as Care Level 1[2].

---

[1] At the time Defendant filed his motion, he was held at FCI Williamsburg. As noted above, he is now held at FCI Beckley.

[2] "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See*

At this time, the Centers for Disease Control ("CDC") does not recognize a vitamin D deficiency or neutropenia as conditions that can increase the risk of severe illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 22, 2022). Defendant's Care Level 1 status indicates that his medical needs are limited and easily managed. Moreover, Defendant previously tested positive for COVID-19 in October 2020 and recovered [Doc. 798, at 4–10]. His recovery suggests that he is not particularly vulnerable to serious complications from the virus.

To the extent that Defendant's conditions may place him at risk, that risk is mitigated by the availability of vaccines. At Defendant's prison, 252 staff and 1156 inmates have been fully vaccinated. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 18, 2022). While the record does not show whether Defendant has been vaccinated, there is nothing in the record to indicate that he has been denied access to the vaccine. A defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). "[T]o the extent prisons do offer some unique challenges" such as social distancing, "the vaccine now significantly reduces the risks associated with COVID-19." *Id*.

In light of the above, the Court finds that Defendant has not presented extraordinary and compelling reasons warranting compassionate release. Because the requirement of extraordinary and compelling reasons has not been met, the Court need not consider the factors under 18 U.S.C. § 3553(a). The Court notes that if it were to analyze those factors, it would conclude, as it did

---

http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited Feb. 22, 2022).

5

Case 2:03-cr-00073-JRG-CRW   Document 808   Filed 02/24/22   Page 5 of 6   PageID #: 2916

previously that the seriousness of Defendant's offense, his criminal record, and post-sentencing conduct weigh against a sentence reduction [*see* Doc. 749, at 3–4].

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release [Doc. 792] is **DENIED**. The Government's Motion for Leave to File Document Under Seal [Doc. 797] is **GRANTED**.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE